NEW-YORK,
Nov. 1810.

HOLLIDAY
v.
MARSHALL.

--- ⊛ ---

## HOLLIDAY *against* MARSHALL.

THIS was an action of covenant, tried at the *Washington* circuit, 13th *June*, 1810, before Mr. Justice *Van Ness*. The plaintiff declared on a lease, dated 6th *January*, 1792, by which the defendant demised to the plaintiff a lot of land, for the term of eight years from *November* 6, 1791. The lease contained the following covenant on the part of the defendant, to wit, " that the said *Roger Holliday*, his heirs, executors, administrators or assigns, have either a renewal of the lease, on such terms as should be agreed upon, or in case the land should be sold, that the said *Holliday*, his heirs, &c. should have the first offer thereof, or in case no agreement should be made for the demising or selling the lot of land, that then the buildings and improvements on

The assignment of a lease by writing not under seal, is good.
Where, in a lease for a term of years, it was covenanted between the lessor and lessee, that at the expiration of the term, the buildings and improvements should be valued by three or five indifferent persons to be chosen by the parties, and after the term and surrender of the premises, the lessee applied to the lessor to agree on three or

five persons to appraise the buildings, &c. and he refused to do it, on which the lessee had the buildings, &c. appraised by three indifferent men, who valued them at 780 dollars; it was held, in an action against the lessor, on his covenant, that the lessee was not entitled to receive *interest* on the 750 dollars, as the *ex parte* appraisement was not conclusive, and the damages remained unliquidated, to be ascertained by the verdict of the jury.

the lot should be valued by three or five indifferent per-sons, to be chosen by the parties, &c. and whatever should be deemed the value of the same, should be paid to the lessee, his heirs, &c. upon delivering up and re-moving from the premises," &c. The lease passed by assignment to several hands, and before the expiration of the term, was assigned to the plaintiff. The several assignments were set out in the declaration. The plain-tiff averred that the premises were not sold, nor was there a renewal of the lease, and that at the expiration of the term, he surrendered up the premises to the de-fendant, and removed from the lot, and thereupon applied to the defendant to agree on the choice of three or five indifferent persons, to appraise the buildings and im-provements on the premises, which the defendant refu-sed to do. The plaintiff thereupon applied to three in-different persons for that purpose, who appraised the buildings and improvements at 750 dollars, of which no-tice was given to the defendant.

One of the assignments in the lease set forth in the declaration, was from *Immanuel Deake* to *Benjamin Haw-kins*, for the consideration of ten pounds.

The defendant pleaded, 1. That *Immanuel Deake* did not assign, &c. to *Benjamin Hawkins;* 2. That the plaintiff did not propose to the defendant to choose three or five indifferent persons to appraise the buildings and improvements, &c.

At the trial, the defendant objected to the reading the assignment from *Deake* to *Hawkins*, as it was not under seal, and the plaintiff was bound to prove an assignment by deed, but the judge overruled the objection, and the assignment was read in evidence. The plaintiff then proved that he applied to the defendant to join in the ap-pointment of three or five indifferent persons to appraise the buildings and improvements left on the premises, which the defendant refused to do. The plaintiff then proved the value of the buildings and improvements to

be 750 dollars; and claimed interest on that sum from the time the defendant had notice of the appraisement, which was objected to, and a verdict was taken for the plaintiff, subject to the opinion of the court, on a case to be made.

The cause was submitted to the court without argument.

*Per Curiam.* 1. The assignment of the lease is good without being under seal. This is obvious from the language of the statute of frauds, which declares an assignment not good, unless it be by deed or *note in writing;* and such was the decision of the K. B. in the case of *Fry* v. *Phillips.* (5 *Burr.* 2832.)

2. The plaintiff is not entitled to interest on the 750 dollars. The value of the improvements or amount of damages was uncertain and unliquidated. Although the covenant provided for an appraisement of the improvements, in case the land was not sold to the plaintiff; yet the defendant was not a party to the appraisement. He refused to unite in it, and there is nothing in the covenant making an *ex parte* appraisement binding on the defendant. The value of the improvements was open to inquiry, at the trial; the plaintiff's claim, therefore, to be considered as resting in unliquidated damages, upon which interest is not recoverable. He must accordingly have judgment for the 750 dollars only.

Judgment for plaintiff accordingly.